UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JESSICA H. WAGNER | ) | CASE NO. 14-33260(3) |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |

**TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT
AND TRANSFER OF PROPERTY INTEREST OF DEBTOR'S ESTATE FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

Comes now ROBERT W. KEATS (the "Trustee"), having been appointed Trustee of the Chapter 7 Estate for Jessica H. Wagner, the above-named Debtor, and pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, makes the Motion to approve the settlement and transfer of all right, title and interest of the debtor's estate in Versailles Wash Venture, LLC to Gregory H. Brown, free and clear of all liens, claims, interests and encumbrances. In support thereof, the Trustee states as follows:

1. The Debtor filed a voluntary Chapter 7 bankruptcy petition on August 29, 2014, and the first meeting of creditors was held on September 25, 2014.

2. The Debtor listed in Schedule B-13 that she has a 17% interest in an entity known as "Hazard Wash Venture, LLC" (the "Hazard Minority Interest"). The Debtor erroneously asserts that such interest is contingent on a payment of $10,000. In fact, the obligation for the Debtor to pay $10,000.00 to her former husband was not a condition of her ownership interest in the Hazard Minority Interest; instead, this condition applies to a 17% interest she holds in another entity known as *Versailles* Wash Venture, LLC (the "Contingent Versailles Minority Interest"). This purchase option contingency for the Contingent Versailles Minority Interest arises under a Property Settlement Agreement ("PSA") dated

March 13, 2014 between the Debtor and her former spouse, Jeffrey C. Wagner.

3. The salient portion of the PSA relating to Contingent Versailles Minority Interest describes it as a conditional interest:

> G. <u>BUSINESS INTERESTS</u>:
>
> 2. *Husband,* [Jeffrey C. Wagner] *shall have the business interest owned by the parties in the entity known as Versailles Wash Venture, LLC, free and clear of any and all right, title or interest of Wife* [Debtor/Jessica Wagner]. [However . . .]
>
>> a. *Transfer of asset can be executed at any time by Wife* [Debtor/Jessica Wagner] *in the sum of $10,000 for the full ownership rights.*

(*See* PSA, ¶ G.2.a.)

4. Gregory H. Brown ("Brown") is a member of Versailles Wash Venture, LLC according to the company's March 14, 2014 Annual Report filed in the Office of the Secretary of State of Kentucky, and is capable of acquiring the interest of other owners of the LLC in certain circumstances. In this circumstance, a member of a LLC upon filing a bankruptcy petition is no longer a member of the LLC pursuant to KRS 275.280.

> ***275.280 Cessation of membership***
> *(1) A person shall disassociate from and cease to be a member of a limited liability company upon the occurrence of one (1) or more of the following events:*
>
> *(d)(2). Files a voluntary petition in bankruptcy;*
>
> *(d)(3). Is adjudicated bankrupt or insolvent;*
>
> *(4) Upon the effective date of the resignation, the resigning member shall be dissociated from and cease to be a member of the limited liability company and shall be with respect to the resigning member's limited liability company interest an assignee thereof.*
>
> *(5) The successor-in-interest of a disassociated member shall be an assignee.*

5. Any value of the Contingent Versailles Minority Interest is further impaired by, among other things, accumulated debts, depreciating assets, and the obligation of the members to share in the payment of business debt of the LLC.

6. Brown has offered to pay the Trustee the sum of $13,000.00 in consideration for the transfer of the Contingent Versailles Minority Interest to him free and clear of all liens, claims, interests and encumbrances.

7. Pursuant to 11 U.S.C. § 363(b) and (f), the Trustee seeks to sell, free and clear of any liens, claims, encumbrances or other interests in the Contingent Versailles Minority Interest to Brown. Brown is neither an "insider" nor an "affiliate" of the Debtor or any of her companies, other than being the majority interest holder in Contingent Versailles Wash Ventures, LLC, with an ownership interest of roughly 66% of the company.

8. The essential economic terms of the proposed sale are as follows:

   a. At any time within thirty (30) days after the entry of an order approving the proposed sale, or any other longer time period approved by the Trustee in his discretion, Brown may pay the Trustee $10,000.00 for the purpose of allowing the Trustee to exercise the purchase option for acquiring the Contingent Versailles Minority Interest that is set forth in Section G.2.a. of the PSA.

   b. Upon his receipt of the $10,000.00 from Brown, the Trustee shall then immediately pay $10,000.00 to Jeffrey C. Wagner for the purpose of exercising the purchase option in Section G.2.a. of the PSA.

   c. Upon the payment of $10,000.00 to Jeffrey C. Wagner by the Trustee, title to the Contingent Versailles Minority Interest shall transfer from Jeffery C.

Wagner to the Trustee.

d. Upon the transfer of title to the Contingent Versailles Minority Interest from Jeffery C. Wagner to the Trustee, Brown may pay the Trustee $3,000.00 to acquire the Contingent Versailles Minority Interest.

e. Upon his receipt of the $3,000.00, title to the Contingent Versailles Minority Interest shall transfer to Brown free and clear of liens, claims, encumbrances or other interests, including but not limited to any claim that Jeffrey C. Wagner maintains or could maintain in or relating to the Contingent Versailles Minority Interest.

9. In his business judgment, the Trustee believes the $13,000.00 purchase price is fair and adequate consideration under the circumstances, since the interest is subject to the purchase option contingency and that the Contingent Versailles Minority Interest is not generally marketable to anyone other than existing or potential owners of Versailles Wash Ventures, LLC.

10. The sale contemplated herein shall be subject to the entry of a Sale Order, in which Brown requests certain findings and conclusions as a contingency to closing the proposed sale, including but not limited to:

a. That Brown is a good-faith purchaser, as contemplated under 11 U.S.C. § 363(m), and is entitled to the protections afforded good-faith purchasers pursuant thereto;

b. That the sale was negotiated in good-faith and at arms-length, and can be conducted in good faith;

c. That Brown shall have no liability by virtue of being the purchaser to any individual or entity receiving notice of this Motion, or otherwise bound under

applicable law by the Sale Order, for any claims in the nature of fraudulent transfers, successor liability, alter ego claims, merger in fact, or minority shareholder disputes relating to Brown's acquisition of the Contingent Versailles Minority Interest;

d. That the Contingent Versailles Minority Interest shall be sold to Brown free and clear of all liens, claims, interests, and encumbrances (including but not limited to any claim asserted by or relating to Jeffrey C. Wagner), with all valid liens, claims, interests and encumbrances attaching to the proceeds of sale to the same extent, validity and priority as existing on the Petition Date, including but not limited to Jeffrey C. Wagner being solely and exclusively entitled to the first $10,000.00 of the Purchase Price in the manner consistent with Paragraph 8.b. of this Motion; and

e. Approving the sale and transfer of the Contingent Versailles Minority Interest to Brown.

11. The Trustee and Brown believe the only interest in the Contingent Versailles Minority Interest that could be asserted is by Jeffrey C. Wagner (the Debtor's ex-husband who currently owns the Interest). Consequently, the requirements of Section 363(f) for a sale free and clear of liens have been met in that:

a. Applicable nonbankruptcy law permits the sale of the Contingent Versailles Minority Interest free and clear of such interest. *See generally* KRS 275.280; and

b. Jeffrey C. Wagner had a valid interest in the Contingent Versailles Minority Interest, and could be compelled to accept money satisfaction of such interest.

(*See* PSA, ¶ G.2.a.)

12. The Trustee believes the prompt sale of the Contingent Versailles Minority Interest will maximize the value of the Estate's assets for the benefit of creditors. But for this sale offer, the Contingent Versailles Minority Interest would likely be abandoned back to the Debtor.

WHEREFORE, the Trustee moves the Court to (a) permit the Trustee to transfer all of the Debtor's right, title and interest in Versailles Wash Venture, LLC to Gregory H. Brown, for the sum of $13,000.00 consistent with the terms of the Sale Order tendered herewith, and (b) grant any further relief that is just and proper.

Respectfully submitted

*/s/ Robert W. Keats*
Robert W. Keats, Trustee
P.O. Box 221377
Louisville, Kentucky 40202
(502) 587-8787

## CERTIFICATE OF SERVICE

I certify the foregoing and proposed order was served in conformity with CM/ECF Rule 6.9, or, by delivering a true copy via first class mail to the service list on January 23, 2015.

/s/ *Robert W. Keats*
Robert W. Keats